McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-MC-00058-TLN-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $15,100.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $15,000.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $10,020.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $10,000.00 IN U.S. CURRENCY, and | |
| APPROXIMATELY $10,000.00 IN U.S CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On October 23, 2019, inspectors with the United States Postal Inspection Service ("USPIS") seized five parcels each containing U.S. Currency and totaling $60,120.00 ("defendant currency"), during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

1

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On December 23, 2019, USPIS received claims from Zach Mosier ("Mosier" or "claimant") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on October 23, 2019, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials identified multiple parcels that bore markers consistent with parcels used for shipping contraband: Priority Mail Express parcel # EE 439548814 US (Parcel #1); Priority Mail Express parcel # EE 439548805 US (Parcel #2); and Priority Mail Express parcel # EE 439548845 US (Parcel #3). The packages were addressed to Zach M, P.O. Box 7898, Auburn, CA 95604, with the following return addresses: Ian M, P.O. Box 984, Helotes, TX 78023. Law enforcement officials also identified two additional parcels that bore markers consistent with parcels used for shipping contraband: Priority Mail Express parcel # EE 439548862 US (Parcel #4) and Priority Mail Express parcel # EE 439548859 US (Parcel #5). The packages were addressed to Zach M, 5233 Hackomiller Rd, Garden Valley, CA 95633 with the following return addresses: Ian M, P.O. Box 984, Helotes, TX 78023. Law enforcement searched public records databases and were unable to identify a Zach Mosier associated with either of the recipient addresses. Contact was made with the Post Offices that deliver to the two recipient addresses. The Post Office for the 95604 ZIP code provided an application that revealed Mosier had applied for the box with a listed address of: 55 Mallorca, Laguna Niguel, CA 92677. The postal carrier for the 95633 ZIP code confirmed that Zach Mosier received mail at the 5233 Hackomiller Rd, Garden Valley, CA address.

4. The United States represents that it could further show at a forfeiture trial that all five parcels were presented to drug detection dogs, who positively alerted to the presence of the odor of narcotics.

5. The United States represents that it could further show at a forfeiture trial that on October 23, 2019, law enforcement obtained consent from Mosier to open all five parcels. Inside Parcels #1 through #5 were brown Ready Post shipping envelopes which contained stacks of various amounts of

Consent Judgment of Forfeiture

1  vacuum-sealed cash.  Parcel #1 contained cash totaling $10,000.00.  Parcel #2 contained cash totaling
2  $15,000.00.  Parcel #3 contained cash totaling $10,000.00.  Parcel #4 contained cash totaling $15,100.00.
3  Parcel #5 contained cash totaling $10,020.00.  None of the parcels contained any notes, receipts, or
4  instructions.  The currency seized from Parcels #1, #3, #4, and #5 mostly consisted of $20 bills.

6.  The United States represents that it could further show at a forfeiture trial that when law enforcement spoke with Mosier on October 23, 2019, Mosier told law enforcement that the money inside the parcels was for comic books and old newspapers he had recently shipped to his brother, Ian.  Mosier informed law enforcement that each item he had shipped to Ian was valued between $1,000 and $20,000, but he lacked a shipping manifest identifying the items he had shipped.  Mosier also explained that he had not yet reported his cash income to tax authorities because his business was still new.

7.  The United States represents that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8.  Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Mosier acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10.  This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11.  The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.  The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and

3

between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, the following defendant currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law:

   a. Approximately $10,000.00 in U.S. Currency (Parcel #1);
   b. Approximately $10,000.00 in U.S. Currency (Parcel #3);
   c. Approximately $15,100.00 in U.S. Currency (Parcel #4); and
   d. Approximately $10,020.00 in U.S. Currency (Parcel #5).

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, the following defendant currency shall be returned to claimant Zach Mosier through his attorney Robert J. Beles:

   a. Approximately $15,000.00 in U.S. Currency (Parcel #2).

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: May 1, 2020

_____
Troy L. Nunley
United States District Judge

Consent Judgment of Forfeiture